IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY SURPLUS INSURANCE CORPORATION and LIBERTY INSURANCE UNDERWRITERS, INCORPORATED,<br><br>    Plaintiffs,<br><br>  v.<br><br>IMR CONTRACTORS CORPORATION and SREE CONSTRUCTION COMPANY, INCORPORATED,<br><br>    Defendants.<br>_____/ | No. CV 08-5773 JSW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING MOTION TO STAY** |

Now before the Court is the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, motion to stay filed by Defendant Sree Construction Company ("Sree"). Having considered the parties' papers, the record in this case, and relevant legal authority, the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing set for May 8, 2009. *See* N.D. Civil L.R. 7-1(b). The Court hereby DENIES Sree's motion to dismiss and GRANTS Sree's motion to stay.

## BACKGROUND

The case arises out of an insurance dispute between Liberty Surplus Insurance Corporation and Liberty Insurance Underwriters, Inc. (collectively "Liberty") and Sree, with respect to coverage for claims asserted against Sree in a case pending in Contra Costa County Superior Court, *Banuelos v. Sree Constr. Co., Inc., et al.*, No. C 06-2191 ("the *Banuelos*

1  litigation"). (Compl. ¶ 5 & Ex. A.)

2  According to the complaint filed in this matter, Sree was the general contractor on a
3  construction project at Best Western Inn in Pleasant Hill. (Compl. ¶ 9.) On August 1, 2005,
4  Sree entered into a subcontract with "the Icenogle/IMR Joint Venture." (*Id.* & Ex. C.) The
5  Icenogle/IMR Joint Venture was the joint operation of IMR Contractor Corporation ("IMR")
6  and Icenogle Construction Management, Inc. ("Icenogle"). (Compl. ¶ 9 & Ex. B.) Pursuant to
7  the subcontract, the Icenogle/IMR Joint Venture was responsible for furnishing all labor,
8  materials, equipment, and other facilities required to perform the work to complete the "Down
9  Spouts & Gutters" portion of the roofing project. (Compl. ¶ 10.) According to the Complaint,
10 Sree believes that the Subcontract also obligated the Icenogle/IMR Joint Venture to defend and
11 indemnify Sree "from any and all claims, demands, causes of action, damages, costs, expenses,
12 attorney fees, losses, or liabilities . . . arising out of or in connection with Subcontractor's
13 operations to be performed under the" Subcontract. (*Id.* ¶ 11.)

14 Armando Banuelos, an employee of IMR, was injured while installing down spouts
15 under the Subcontract. (*Id.* ¶ 13.) Banuelos filed suit against Sree, among others, in Contra
16 Costa County Superior Court. (*Id.* ¶ 13 & Ex. A.) Under the terms of the Subcontract, Sree
17 tendered its defense to the Icenogle/IMR Joint Venture, as well as to Icenogle and IMR
18 individually. (Compl. ¶ 14 & Ex. D.) Sree also filed a cross-complaint against those same
19 parties, "alleging that each has a duty to defend and indemnify Sree pursuant to the
20 Subcontract." (Compl. ¶ 14 & Ex. E.) IMR tendered its defense in Sree's cross-complaint to
21 Liberty, contending that Liberty was obligated to defend and indemnify IMR under the terms of
22 IMR's Commercial General Liability Coverage with Liberty. (Compl. ¶ 15.) Sree tendered its
23 defense in the *Banuelos* action to Liberty, contending that "Sree is an additional insured under"
24 Liberty's policy. (*Id.*) Liberty accepted the tender of Sree's defense in the *Banuelos* action, but
25 reserved the right to obtain reimbursement of any defense fees and costs incurred.

26 On December 29, 2008, Liberty filed this action asserting declaratory relief against Sree
27 and IMR. Liberty seeks the following declarations: Liberty is not obligated to defend or
28 indemnify Sree because (1) Liberty's policy applies only to the "Named Insured," IMR, and the

2

1  Subcontract was between Sree and the Icenogle/IMR Joint Venture, (*id.* ¶¶ 21-22); (2) Sree was
2  not listed as a "Named Insured," "Additional Insured," or "Insured" under Liberty's policy, (*id.*
3  ¶ 26); (3) the Subcontract between the Icenogle/IMR Joint Venture and Sree is not an "Insured
4  Contract" within Liberty's coverage because Icenogle/IMR is not a "Named Insured," (*id.* ¶¶
5  31-32); and (4) Liberty's policy excludes coverage for "Joint Ventures," such as the
6  Icenogle/IMR Joint Venture, (*id.* ¶¶ 35-36). Liberty also seeks reimbursement of all fees and
7  costs expended in defending Sree in the *Banuelos* action. (*Id.* ¶ 42.)

**ANALYSIS**

**A.  Legal Standard for Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). A district court should grant a motion to dismiss, however, if the plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**B.  Liberty's Reimbursement Claim Triggers Mandatory Jurisdiction Over the Declaratory Judgment Action.**

Liberty filed for declaratory judgment in this Court on the basis of diversity jurisdiction. In addition to its declaratory judgment claims, Liberty asserted a claim for reimbursement of fees and costs, in excess of $75,000, expended for Sree's defense in the *Banuelos* litigation. (Compl. ¶ 6.) Sree argues that Liberty's reimbursement claim does not state an independent claim for monetary relief and, therefore, does not meet the jurisdiction requirements. Even if there is jurisdiction, Sree argues that the Court has the discretion to decline to exercise it.

"[A]ny court of the United States, upon the filing of the appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration" so long as the declaration is sought "in a case of actual controversy within the Court's jurisdiction." 28 U.S.C. § 2201(a). However, the "use of the declaratory judgment state does

3

not confer jurisdiction by itself . . . ." *Janakes v. U.S. Postal Service*, 768 F.2d 1091, 1093 (9th Cir. 1985). "[T]he operation of the Delcaratory Judgment Act is procedural only." *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) (internal citations and quotations omitted). "Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction." *Id.* District Courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000," between citizens of different states. 28 U.S.C. § 1332(a)(1). There is "'no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage.'" *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (quoting *Aetna Cas. & Sur. Co. v. Merritt*, 974 F.2d 1196, 1199 (9th Cir. 1992)). To determine whether an action for declaratory judgment asserts a claim for monetary relief sufficient to establish diversity jurisdiction, a court must inquire "whether there are claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case." *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1113 (9th Cir. 2001) ("*United National*") (internal quotations and citations omitted).

     The Ninth Circuit has recognized the right of an insurance company to "seek reimbursement for certain defense costs already expended in underlying litigation . . . ." *Id.* In *United National*, a glue manufacturer sought defense costs and indemnification from its insurance company for a breach of contract suit filed against it in state court. *Id.* at 1106. The insurance company agreed to defend the insured, but reserved the right of reimbursement for the costs of doing so. *Id.* The insurance company then sued its insured in federal court, seeking a declaration of its obligations to defend and indemnify, and for reimbursement of costs already expended. *Id.* The Ninth Circuit found the insurer's reimbursement claim was separate from its declaratory judgment claims. *Id.* at 1114. The court determined that reimbursement claims are founded on the equitable doctrine of restitution, which are not predicated on a favorable disposition of a claim for declaratory judgment. *Id.* at 1113-14. Therefore, the "independent" claim for monetary relief "trigger[ed] mandatory jurisdiction." *Id.* at 1115.

4

The instant case is strikingly similar to the case in *United National*. Sree was sued in state court and sought defense and indemnification from an insurance company, Liberty. Liberty agreed to defend, reserved its right to reimbursement, and sued Sree for declaratory relief and reimbursement in this Court. Thus, under *United National*, this Court has mandatory jurisdiction over Liberty's reimbursement claim. Reimbursement "is implied in law as quasi-contractual" regardless of whether it is "implied in fact in the policy as contractual." *United National*, 242 F.3d at 1113 (quoting *Buss v. Superior Court*, 939 P.2d 766, 776 (Cal. 1997)). A claim for reimbursement could stand on its own in federal court, and need not be joined with a claim for declaratory relief. *Id.* Therefore, the Court would abuse its discretion if it declined to retain jurisdiction over these claims. *Id.* at 1113.

Sree attempts to distinguish *United National* by arguing that the unique procedural history in that case compelled the Ninth Circuit's ruling. Sree contends that mandatory jurisdiction was only appropriate in that case because the action was almost seven years old and the parties were still arguing over whether a federal or state forum would be appropriate. However, the Ninth Circuit noted that those factors were only "*additional* forceful reasons for retaining federal jurisdiction over the declaratory claim." *Id.* at 1114-15 (emphasis added). The court's primary holding – that the reimbursement claim was sufficiently independent to confer mandatory jurisdiction – was not compromised by this additional reasoning.

Liberty's reimbursement claim presents an independent basis for federal court jurisdiction. Therefore, this Court may not decline to retain jurisdiction over Liberty's declaratory judgment action, and, accordingly, Sree's motion to dismiss is DENIED.

**C.    The Declaratory Judgment Action Shall Be Stayed.**

Sree argues, in the alternative, that Liberty's declaratory judgment action should be stayed pending the outcome of the *Banuelos* litigation. "[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Accordingly, it is within

5

this Court's discretion to determine whether a stay is warranted. The competing interests that a district court must weigh in deciding whether to grant a stay include: (1) "possible damage which may result from granting a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (citing *Landis*, 299 U.S. at 254-55). A stay may be the most efficient and fairest course when there are "independent proceedings which bear upon the case." *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). Sree bears the burden of proving the such a discretionary stay is warranted. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

### 1. Liberty will not suffer harm as a result of the stay.

The first interest that must be weighed in the *Landis* test is the possible harm to Liberty by granting the stay. Liberty argues that it will suffer harm as a result of a stay, but this contention is untenable on the present record. If Liberty's declaratory judgment action is stayed, Liberty will most likely continue its defense of Sree in the *Banuelos* litigation before resuming this declaratory judgment action and action for reimbursement. Liberty's "hardship" relating to defending Sree in the *Banuelos* litigation is irrelevant when considering whether to grant a stay. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) ("[D]efend[ing] a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." (citations omitted)). Further, a delay in recovering potential monetary damages is not sufficient harm to warrant a stay. *See CMAX, Inc.*, 300 F.2d at 268-69 (noting that a delay in trial would only delay recovery in money damages and, therefore, the defendant had "not ma[d]e a strong showing in support of its assertion that it will suffer irreparable damages and a miscarriage of justice"). Sree has met its burden to show that Liberty will not suffer harm as a result of a stay.

### 2. Sree will suffer harm as a result of the stay.

The second factor in the *Landis* test for a discretionary stay is the hardship and prejudice Sree will endure if this litigation is not delayed. Only when "'there is a fair possibility that the

6

stay . . . will work damage to someone else,' [must] the party seeking the stay '[]make out a clear case of hardship or inequity.'" *Lockyer*, 398 F.3d at 1112 (quoting *Landis*, 299 U.S. at 255). As already discussed, Sree has shown that Liberty will not incur any cognizable damage from a stay. Therefore, Sree's burden to prove hardship is lessened. *See id.*

To meet its burden, Sree argues that forcing the parties to proceed in the declaratory judgment action would result in "the unnecessary consumption of judicial time and the needless expense and effort by the parties and counsel." (Mot. at 16.) A stay is the "preferable course" where there are pending state proceedings. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 n.2 (1995). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Levya*, 593 F.2d at 863. Even when the "ongoing state proceeding involves a state law issue that is predicated on the same factual transaction or occurrence involved in a matter pending before a federal court, the state court is the more suitable forum for a petitioner to bring a related claim." *Am. Nat'l Fire Ins. Co. v. Hungerford*, 53 F.3d 1012, 1017 (9th Cir. 1995) (internal quotations and citations omitted), *overruled on other grounds by Dizol*, 133 F.3d at 1220, *as recognized in Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 803 (9th Cir. 2002) (noting that "the *Dizol* court explicitly limited its holding. It held only that a district court need not decide sua sponte whether jurisdiction under § 2201(a) should be declined, and that the appellate court need not decide sua sponte whether the district court abused its discretion in exercising discretionary jurisdiction.").

Liberty's declaratory judgment action is predicated on the same factual occurrence involved in the *Banuelos* litigation. Liberty correctly recognizes that the *Banuelos* action will address "traditional negligence issues" that do not overlap with Liberty's declaratory judgment action. (Opp. Br. at 13.) However, Sree raises eight causes of action in its cross-complaint in the *Banuelos* litigation; each of which will require the state court to determine the liability of the respective parties, the nature of the subcontract between them, and their duties to each other. For example, in its first cause of action, Sree contends that any liability attributed to it in the *Banuelos* action exists "only as a direct and proximate result of acts, omissions, breaches of

7

1  contract and negligence" of IMR, Icenogle, and the IMR/Icenogle Joint Venture, among others.
2  (Sree Construction Company Inc's First Cross-Complaint ¶ 11.) In deciding the merits of
3  Sree's first cause of action, the state court will have to construe the terms of the Subcontract
4  between IMR, Icenogle, and Sree. The state court will also have to determine who is party to
5  the Subcontract. These findings are identical to those Liberty asks this Court to make in its
6  declaratory judgment action. For example, in its third cause of action, Liberty asks the Court to
7  construe the term "Insured Contract" in the "Insuring Agreements" portion of its policy to
8  exclude the Subcontract at issue. (Compl. ¶¶ 30-31.) Liberty contends that the IMR, the
9  "Named Insured" on Liberty's policy, is not a party to the Subcontract because the Subcontract
10 is between the IMR/Icenogle Joint Venture and Sree. In deciding the merits of Liberty's third
11 cause of action, this Court would also have to construe the terms of the Subcontract and
12 determine who is a party to it.
13    Allowing Liberty to proceed in this action at the same time the state court is "going
14 through a substantially parallel process" would "waste judicial resources and be burdensome
15 upon the parties." *Leyva*, 593 F.2d. at 864. Admittedly, the state court proceeding will not be
16 identical to the action in this Court. However, the rule against proceeding with similar cases
17 simultaneously "does not require that the issues in [the underlying] proceedings are necessarily
18 controlling of the action before [this Court]." *Id.* at 863-64. Sree has met its burden to
19 demonstrate that it will suffer the hardship and prejudice of duplicative litigation if this
20 proceeding is not stayed.[1] Also, Sree has shown that the factors of judicial efficiency and
21 economy weigh in favor of a stay.

---

[1] Liberty argues that Sree will not suffer hardship if the declaratory judgment action proceeds for two reasons. First, Liberty contends that Sree is not actually defending itself in this action, but rather Sree's defense was tendered to its insurer, NIC Insurance Company. Second, Liberty argues that Sree will not suffer harm as a result of duplicative litigation in the *Banuelos* action because IMR has not appeared in the cross complaint. Both the certificate of interested parties filed by Sree and the case report docket for the *Banuelos* litigation are capable of accurate and ready determination, and the Court GRANTS Liberty's request for judicial notice. *See* Fed. R. Evid. 201(b). Nevertheless, the Court finds Liberty's arguments unpersuasive.

8

### 3. A stay will avoid duplicate litigation and there is a more efficient alternative remedy for Liberty.

The exercise of jurisdiction over a declaratory action is within the discretion of the district court. *Public Affairs Assocs. v. Rickover*, 369 U.S. 111, 112 (1962) (holding that the Declaratory Judgment Act "gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so"). "Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." *Wilton*, 515 U.S. at 288. When exercising its discretion, a district court should consider, but is not limited to considering, the following factors: whether there are "independent proceedings which bear upon the case," *Levya*, 593 F.2d at 863; whether the federal case "is being sought to determine issues which are involved in a case already pending," *McGraw-Edison Co. v. Preformed Line Prod. Co.*, 362 F.2d 339, 342 (9th Cir. 1966); and (3) "the availability and relative convenience of other remedies[,]" *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir. 1994) (Garth, J., concurring) ("*Kearns*").

The *Banuelos* litigation is an "independent proceeding which bears on this case." *See Levya*, 593 F.2d at 863. For the reasons discussed above, Sree has also met its burden to show that proceeding with this action will not be judicially efficient because there is a substantial overlap between the issues in the *Banuelos* litigation and the issues before this Court. *See McGraw-Edison Co.*, 362 F.2d at 342. These factors weigh in favor of a stay.

There is an additional compelling reason for granting a stay. A district court must also consider "the availability and relative convenience of other remedies[,]" when deciding whether to exercise its discretion to stay. *Kearns*, 15 F.3d at 145 (Garth, J., concurring). California Code of Civil Procedure section 1060 provides declaratory relief for "[a]ny person interested . . . under a contract, or who desires a declaration of his or her rights or duties with respect to another." *Id.* This section allows interested parties to "bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties . . . whether or not further relief is or could be claimed at the time." *Id.* Considering the substantial overlapping factual and legal issues between this action and the underlying state court action,

9

the state court is in a superior position to address Liberty's declaration of rights. Declaratory relief in state court would also serve to consolidate the issues for a more efficient and economic disposition of the matters. Accordingly, a stay is appropriate because Liberty "could have sought declaratory relief from 'the same court that will decide the underlying tort action' under the state's own declaratory judgment provision[, California Civil Procedure Code section 1060.]" *Am. Nat'l Fire Ins. Co.*, 53 F.3d at 1017 (internal quotations and citations omitted), *overruled on other grounds by Dizol*, 133 F.3d at 1220. Sree has met its burden to show that a stay is appropriate because an alternative remedy exists that is more efficient for Liberty.

## CONCLUSION

For the foregoing reasons, Sree's motion to dismiss is DENIED and Sree's motion to stay is GRANTED. The parties shall file joint status reports with the Court every ninety (90) days addressing the status of the *Banuelos* litigation. If any party believes that it is appropriate to lift the stay based upon changed circumstances, either based on the proceedings in the *Banuelos* litigation or based on further communications between Liberty and Sree, that party may file an appropriate motion with the Court.

**IT IS SO ORDERED.**

Dated: April 14, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE